(2) Oscar F. Lund talked and acted as the *cestui que trust.* As to the fraud:

Palmer was not produced as a witness, nor was Hoagland, nor the letters about the premises.

It is clear that, if the son was not the principal, he was the active agent of his father in the purchase of this property; the father, therefore, is in no better position than the son. *Dunlap's Paley on Agency 324; Le Neve* v. *Le Neve, 2 Lead. Cas. in Eq. 23.*

On primary and fundamental principles, as against the complainant, the sheriff's sale and conveyance to Naum S. Lund was and is void, because the complainant had no notice of the lien claim or of the suit thereon, nor of the sheriff's sale.

Under such circumstances, to direct and destroy the complainant's rights in the land, is contrary as well to natural as judicial justice. *State* v. *Mayor of Jersey City, 4 Zab. 666; Freeholders of Hudson* v. *State, 4 Zab. 718; Van Tilburgh* v. *Shann, Id. 740.*

The only defence to the complainant's bond and mortgage, and the relief prayed for is, therefore, illegal, unjust, inequitable and insufficient, and the complainant should have a decree pursuant to the prayer of the bill.

PER CURIAM.

This decree unanimously affirmed.

EDWIN F. WELLS and wife, appellants,

*v.*

CHARLES PARTRIDGE, respondent.

On appeal from a decree of the vice-chancellor, whose opinion is reported in *Partridge* v. *Wells, 3 Stew. 176.*

Wells *v.* Partridge.

*Mr. A. V. Schenck,* for appellants.

I. The complainant had his remedy at law. He could, at any time after the alleged account stated (on the 1st day of January, 1870), have brought his action at law for the recovery of the alleged balance of $17,000. That action was barred by the statute of limitations at the time of the filing of the complainant's bill in this cause (January 24th, 1877).

This defence is available by demurrer to the bill. *1 Dan. Ch. Pr. 559, 560, and note; Story Eq. Pl. §§ 484, 751; Bird v. Inslee, 8 C. E. Gr. 363.*

II. The complainant is in laches. A court of equity will not give him relief under such circumstances, and particularly where his action at law is barred by the statute of limitations. "*Vigilantibus, non dormientibus, œquitas subvenit.*" *2 Story Eq. Jur. §§ 1520, 1520(a), 1521(a), 1284(a), 1 Id. § 529; Conover v. Conover, Sax. 403; Wanmaker v. Van Buskirk, Sax. 685; Cook v. Williams, 1 Gr. Ch. 209; Obert v. Obert, 1 Beas. 423; McClane v. Shepherd, 6 C. E. Gr. 76; Ruckman v. Decker, 8 C. E. Gr. 289; Elmendorf v. Taylor, 10 Wheat. 152; Miller v. McIntyre, 6 Pet. 61; Taylor v. Benham, 5 How. 233; Bowman v. Wathen, 1 How. 189.*

III. There is no express trust alleged in the bill. It is simply a case where all the authorities concur in holding that lapse of time, or the statute of limitations, will be a perfect defence.

IV. "Nor can mere inability to sue at law    *    *    * alter the character of the trust, or the right of the defendant to avail himself of the statute of limitations as a defence." *Marsh v. Oliver, 1 McCart. 259, Green C., p. 263.*

The statute of limitations is a bar in equity to an account between partners. *Cowart v. Perrine, 3 C. E. Gr. 454.*

The complainant seeks now to effect, indirectly, by the aid of a court of equity, what he could not accomplish at law—the recovery of the alleged balance found due on the accounting.

V. The bill is defective, in that material statements therein are vague, uncertain and contradictory. *1 Dan. Ch. Pr. 368, 369.*

VI. The bill is *multifarious*, in that it mingles and confounds the copartnership matters, business and accounts of the firm of Partridge, Wells & Co., and of the firm of Partridge & Wells and of the complainant; thus uniting several matters, perfectly distinct and unconnected, against the same defendant. *Emans* v. *Emans, 1 McCart. 114; Emans* v. *Emans & Wortman, 2 Beas. 205; Van Mater* v. *Sicklen, adm'r, 1 Stock. 483; Story Eq. Pl. §§ 271, 279; 1 Dan. Ch. Pr. 339, et seq.*

Thus, a bill praying for an account of two distinct firms, made up in part of the same persons, was held bad, for multifariousness. *Griffin* v. *Merrill, 10 Md. 364.*

So, where three persons had successively withdrawn from a firm, reducing the number from five to two, a bill praying for an account and settlement of the partnership concerns *for the whole time* was held to be bad, for multifariousness, and was dismissed. *White* v. *White, 5 Gill 359.*

VII. A bill is demurrable on this ground. A demurrer for multifariousness goes to the whole bill, and it is not necessary to specify the particular parts of the bill which are multifarious. *1 Dan. Ch. Pr. 559.*

*Mr. S. H. Jones,* for respondent.

I. The complainant's right to the relief prayed for, independent of his laches and the formal defects in the bill alleged by appellants, is undoubted. *Shaler* v. *Trowbridge, 1 Stew. 595.*

The rule embraces personal property, as well as real. *Id. 599.*

II. The complainant could have had no relief at law at any time in the premises to compel a conveyance from Mrs. Wells, even had he recovered judgment against the defend-

ant, Wells, his partner, for the balance due on partnership account.

III. The statute of limitations could only be a bar to an account of transactions prior to January 24th, 1871, and will only be an objection to those claims set forth in the bill as arising prior to that time, whereas the larger part has arisen since.

The statute of limitations is only used in equity as a convenient measure of the length of time that ought to operate as a bar in equity of any particular demand. *Beckford* v. *Wade, 17 Ves. 87,* quoted in *Bowman* v. *Wathen, 1 How. 189.*

The time does not begin to run until the party aggrieved discovers the wrong done him. *Story Eq. Jur.* § *1521.*

The wrong in this cause is not a failure to account, but is a fraudulent investment of partnership property, in real estate, in the name of the defendant's wife.

Though the bill does not state when complainant discovered the alleged fraudulent investments, this is no objection on demurrer, nor can it be determined from the bill when complainant began to be in laches, but unless this clearly appears from the bill, the statute of limitations cannot be taken advantage of by demurrer. *Story Eq. Pl.* §§ *503, 751.*

A court of equity will not allow the bar of the statute of limitations to prevail by mere analogy to suits in equity, where it would be in furtherance of manifest injustice. *Story Eq. Jur.* § *1521; Bond* v. *Hopkins, 1 Sch. & Lef. 413, 431; 1 Fonbl. Eq. ch. 4,* § *27, note q; Hovenden* v. *Lord Annesley, 2 Sch. & Lef., 630, 640; Mayne* v. *Griswold, 3 Sandf. 482.*

The trust in Mrs. Wells to hold the lands in trust for the partnership, is one exclusively the province of chancery. Such a trust is not to be treated by analogy with the statute of limitations. *Kane* v. *Bloodgood, 7 Johns. 90, 117.*

IV. If a bill does not pray for multifarious relief, it cannot be objected to for multifariousness, though the case stated would support a prayer for multifarious relief. *Dick* v. *Dick, 1 Hogan 290,* quoted in *1 Dan. Ch. Pr. 342, note 1.*

A demurrer for multifariousness was denied where the bill prayed account of two estates, the accounts of which were inseparably connected. *Campbell* v. *Mackay, 1 Myl. & Cr. 603 ; Lewis* v. *Edmunds, 6 Sim. 251 ; Carter* v. *Balfour, 19 Ala. 814.*

And of two agencies inseparably connected. *Benson* v. *Hadfield, 5 Beav. 546.*

A bill is not demurrable for multifariousness which unites several matters distinct in themselves, but which together make up the complainant's equity, and are necessary to complete relief. *Hicks* v. *Campbell, 4 C. E. Gr. 183.*

The question in such cases is mainly one of expediency in the conducting of suits, rather than of principle. *Emans* v. *Emans, 1 McCart. 114.*

V. The nature of the bill is stated generally in the opinion of the vice-chancellor. It is not open to the objections as to form alleged by appellants.

The defendant, Wells, is alleged to have been indebted, on January 1st, 1870, to the firm and to the complainant in the sum of $19,000, which means that by reason of the state of the account between the partners the debt by Wells to the firm equalled his debt to Partridge at that time on account of the firm. In other words, that to make the complainant whole at that time Wells should have paid him $19,000. And the same explanation applies to every similar statement throughout the bill.

PER CURIAM.

This decree unanimously affirmed.